# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH K. KNIGHT, | 1:06-CV-01581 OWW LJO HC |
| Petitioner, | FINDINGS AND RECOMMENDATIONS REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| JAMES A. YATES, Warden, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## BACKGROUND[1]

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of San Bernardino, following his conviction by guilty plea on October 2, 1980, to first degree murder in violation of Cal. Penal Code § 187(a) with enhancement for use of a firearm during commission of the offense in violation of Cal. Penal Code §§ 12022(a) and 12022.5. On November 20, 1980, Petitioner was sentenced to serve an indeterminate term of twenty-five years to life plus two years.

On November 7, 2006, Petitioner filed the instant federal petition for writ of habeas corpus in this Court. In his petition, Petitioner contends the California Board of Prison Hearings ("BPH") has failed to abide by the terms of the plea bargain Petitioner entered into on October 2,

---

[1] This information is derived from the petition for writ of habeas corpus.

1

1980.

## DISCUSSION

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320 (1997), *cert. denied,* 522 U.S. 1008 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997), *quoting* Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA; thus, it is governed by its provisions.

Petitioner is in custody of the California Department of Corrections pursuant to a state court judgment. 28 U.S.C. § 2254 is the exclusive vehicle for his habeas petition because he meets the threshold requirement of being in custody pursuant to a state court judgment. Sass v. California Board of Prison Terms, 461 F.3d 1123, 1126 (9th Cir.2006) ("Section 2254 'is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petition is not challenging his underlying state court conviction.'"); White v. Lambert, 370 F.3d 1002, 1006 (9th Cir.2004).

Petitioner frames the issue in his petition as a challenge to the decision by the parole board. The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

In a habeas matter, venue is proper in either the district of conviction or the district of confinement. 28 U.S.C. § 2241(d). Where the petition challenges the conviction, the proper forum is the district where the petitioner was convicted. Where a petition is premised on events relating to Petitioner's parole proceedings, the proper forum is where the petitioner is confined.

Dunn v. Henman, 875 F.2d 244, 249 (9th Cir. 1989) (stating, in a 28 U.S.C. § 2241 action, that "[t]he proper forum to challenge the execution of a sentence is the district where the prisoner is confined.")

Although Petitioner frames his petition as challenging the decision by the BPH, the basis for the petition is an attack on the plea agreement that occurred in the underlying conviction. According to Petitioner, his attorney "alluded to Petitioner and his mother . . . that he would serve no more than fifteen years." Petition at 24. He claims he should have been released pursuant to this plea agreement over twelve years ago. As a result, he claims his plea agreement has been breached, and his plea was not knowing, intelligent or voluntary. Because Petitioner is challenging the underlying plea agreement, the proper forum is the district where Petitioner was convicted. As Petitioner was convicted in San Bernardino County, the proper forum is the Central District of California. If it is Petitioner's desire to challenge the plea agreement, he should file a habeas petition challenging his conviction in that Court.

To the extent that Petitioner challenges the decision of the BPH, his claim is without merit. Petitioner was sentenced to a term of twenty-five years to life plus two years. To date, Petitioner alleges he has served over twenty-six years. The actual time Petitioner has served is not beyond the sentence prescribed by the sentencing court. Therefore, this challenge to the execution of Petitioner's sentence fails. The BPH is not bound by something Petitioner's defense counsel may have "alluded" to at trial; it is bound by the actual sentence.

**RECOMMENDATION**

Accordingly, it is HEREBY RECOMMENDED that the petition for writ of habeas corpus be DISMISSED, and the Clerk of Court be DIRECTED to enter judgment.

This Findings and Recommendations is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within ten (10) court days (plus three days if served by mail) after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

1  Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if
2  served by mail) after service of the objections.  The Court will then review the Magistrate
3  Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file
4  objections within the specified time may waive the right to appeal the District Court's order.
5  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
6  IT IS SO ORDERED.
7  **Dated:**   **November 29, 2006**                    /s/ **Lawrence J. O'Neill**
   b9ed48                                         UNITED STATES MAGISTRATE JUDGE